UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>          Plaintiff,<br><br>     v.<br><br>JANE E. HINES; ALL OCCUPANTS AND PERSONS IN POSSESSION,<br><br>          Defendants. | Case No. 1:15-CV-03211 LRS<br><br>ORDER DIRECTING REMAND |

Plaintiff initiated this unlawful detainer action in the Superior Court of Yakima County, Washington. Defendant, Jane Hines, proceeding pro se and in forma pauperis (IFP), removed the action from state court based upon federal question jurisdiction under 28 U.S.C. §§1331 and 1441. (ECF No. 3).

After granting IFP status, the Court must dismiss the case sua sponte if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir.1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction").The Court remands this action to the

ORDER - 1

state court as Defendant's Notice of Removal fails to establish federal subject matter jurisdiction and is untimely.

## I.      Federal Question

Federal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) ( "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Gaus*, 980 F.2d at 566.

A defendant may remove a state court action to federal court if the federal court would have original subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, or 28 U.S.C. § 1332, diversity jurisdiction. 28 U.S.C. § 1441.

For this court to have federal question jurisdiction, a plaintiff's case must arise under federal law. 28 U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay*

*Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Under the "well-pleaded complaint" rule, the "federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.' " *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (*citing Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

Here, the Complaint alleges a single unlawful detainer claim. *See* ECF No. 3 (Not. Removal, Ex. A (Complaint)). Though Defendant alleges federal law defenses under 12 U.S.C. §5220 in her Answer to the Complaint, these defenses fail to create a federal question. *See Provincial Gov't of Marinduque*, 582 F.3d at 1086–87. Accordingly, the district court lacks subject matter jurisdiction over this matter. *See e.g., Compass Bank v. Goble*, 2012 WL 3229155, *2 (S.D.Ca. Aug.3, 2012) (unpublished)(sua sponte remanding action to state court where the sole basis for federal jurisdiction stated in the notice of removal was an allegation that the plaintiff failed to comply with 12 U.S.C. § 5220).

**II.   Timeliness**

28 U.S.C. § 1446(b)(1) provides a 30–day time period for removal to federal court. 28 U.S.C. § 1446(b)(1)("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

ORDER - 3

which such action or proceeding is based."). According to the Notice of Removal, Plaintiff filed the unlawful detainer Complaint on September 30, 2015. On October 13, 2015, the state court granted Plaintiff leave of court serve Defendant Hines by mail after the process server was unable to effectuate personal service "due to mean dogs on premises." On October 13, 2015, Defendant Hines filed her Answer. Defendant, however, delayed in filing the Notice of Removal until December 18, 2015. Defendant's removal was untimely.

### III.  CONCLUSION

This action is **REMANDED** to the Superior Court of the State of Washington for Yakima County. **IT IS SO ORDERED.** The District Court Executive is hereby enter this Order, provide copies to counsel and the Defendant, and mail a certified copy of this Order to the Clerk of the Yakima County Superior Court of the State of Washington, and CLOSE THE FILE.

DATED this 12th day of April, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 4